**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------X
EUGENIA HERNANDEZ and                                      CIV. ACTION NO.
KATHLEEN ROMEO,
                                                           **COMPLAINT**

                  Plaintiffs,

      -against-

PUBLIC PARTNERSHIPS LLC,

                Defendant.
-------------------------------------------------------X

Plaintiffs, EUGENIA HERNANDEZ ("Hernandez") and KATHLEEN ROMEO ("Romeo") (collectively, "Plaintiffs"), as and for their Complaint against Defendant, PUBLIC PARTNERSHIPS LLC ("PPL" or "Defendant"), respectfully allege as follows:

**NATURE OF THE ACTION**

1.  PPL characterizes itself as the nation's largest provider of financial management services for self-directed care and the leading innovator of fintech solutions in this space, and is positioning itself as the nationwide backbone for Medicaid self-directed care, currently supporting consumers and caregivers in more than 50 programs across 20 states, including New Jersey. Despite this broad, cross-country operation that generates millions of dollars from government assistant programs, PPL has engaged in a systematic and unlawful wage theft scheme designed to deprive its hard-working employees of a fair day's wage.

2.  Plaintiffs are former employees of Defendant and bring this lawsuit seeking to recover unpaid overtime compensation and other relief related to their employment.

**JURISDICTION AND VENUE**

3.  Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), *et seq.* ("NJWHL"),

1

and the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1, *et seq.*

4.      Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

5.      The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

6.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

7.      Hernandez is an adult female currently residing in the State of New Jersey.

8.      Romeo is an adult female currently residing in the State of New Jersey.

9.      PPL is a foreign limited liability company duly operating under the laws of the State of New Jersey. PPL is a Delaware limited liability company.

## FACTUAL ALLEGATIONS

### Public Partnerships LLC

10.      PPL maintains its headquarters and its principal place of business at 17 Plaza Drive, Latham, New York 12110.

11.      PPL operates in the State of New Jersey and, upon information and belief, contracts directly with the New Jersey Department of Human Services to provide its services to New Jersey residents.

12.      At all times relevant to this Complaint, PPL had employees engaged in commerce or in the production of goods and services for commerce.

13.      At all times relevant to this Complaint, PPL had employees who handled, sold, or

otherwise worked on goods or materials that have been moved in or were produced for interstate commerce.

14. At all times relevant to this Complaint, PPL had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiffs' employment.

15. During Plaintiffs' employment, PPL maintained control, oversight, and direction over them, including timekeeping, payroll, and other employment practices.

16. PPL hired Plaintiffs.

17. PPL determined the job duties that Plaintiffs performed.

18. PPL directed Plaintiffs' job duties and responsibilities.

19. PPL supervised Plaintiffs' job duties and responsibilities.

20. PPL determined the compensation Plaintiffs were paid.

21. PPL determined the manner in which Plaintiffs were paid.

22. PPL was responsible for ensuring Plaintiffs were paid.

23. PPL determined the schedule Plaintiffs worked.

24. PPL determined the total number of hours Plaintiffs worked each week.

25. At all times relevant to this Complaint, PPL was a covered employer within the meaning of the FLSA, NJWHL, and the NJWPL and, at all times relevant to this Complaint, employed Plaintiffs.

**Plaintiffs Eugenia Hernandez and Kathleen Romeo**

26. At all times relevant to this Complaint, Plaintiffs were employees of PPL.

27. PPL employed Plaintiffs for its own benefit and at its direction.

28. PPL employed Hernandez from on or about July 11, 2022 until on or about January 22, 2026.

29.    PPL employed Romeo from on or about April 10, 2023 until on or about December 20, 2024.

30.    Plaintiffs were non-exempt employees entitled to be paid overtime compensation for all hours that exceeded forty (40) per week.

31.    Plaintiffs job duties entailed communicating with and visiting PPL's clients and care workers throughout Bergen, Hudson, and Passaic Counties, reviewing and updating files, and informing clients about PPL's programs.

32.    PPL did not keep and maintain accurate records of the time Plaintiffs worked each day and each week during their employment. Instead, Plaintiffs were required to clock in for no more than approximately eight (8) hours per day during the week, even though they worked longer hours, and were not allowed to clock in for any hours worked during the weekends.

33.    Based on her personal recollection, Hernandez estimates that her weekly hours from on or about July 11, 2022 through approximately the end of May 2024 were as follows: Monday through Friday from about 7:30 a.m. until about 5:30 p.m., and often later, for a minimum total of approximately fifty (50) hours a week.

34.    Based on her personal recollection, Hernandez estimates that her weekly hours from approximately the beginning of June 2024 through approximately the end of February 2025 were as follows: Monday through Friday from about 7:30 a.m. until about 5:30 p.m., and often later, and two (2) Saturdays per month from about 7:00 a.m. until about 12:00 p.m. for a minimum total of approximately fifty (50) and fifty-five (55) hours a week, respectively.

35.    Based on her personal recollection, Hernandez estimates that her weekly hours from approximately the beginning of March 2025 through on or about January 22, 2026 were as follows: Monday through Friday from about 7:30 a.m. until about 5:30 p.m., and often later,

4

Saturday from about 7:00 a.m. until about 2:00 p.m., and three (3) hours on Sunday, for a minimum total of approximately sixty (60) hours a week.

36.    Based on her personal recollection, Romeo estimates that her weekly hours throughout her employment were as follows: Monday through Friday from about 7:30 a.m. until about 7:00 p.m., and Saturday from about 8:00 a.m. until about 12:00 p.m., for a total of approximately sixty-one and one-half (61.5) hours a week.

37.    PPL paid Plaintiffs an annual rate of pay on a bi-weekly basis, regardless of the number of hours they worked each week, plus non-discretionary bonuses.

38.    PPL never paid Plaintiffs any additional compensation for the hours that they worked in excess of forty (40) per week.

39.    PPL did not pay Plaintiffs an overtime premium for any of the hours they worked in excess of forty (40) per week at a rate of one-and-one-half times their regular rate of pay.

40.    PPL was aware of Plaintiffs' work hours but failed to pay them the proper wages to which they were entitled under the law.

41.    Upon information and belief, PPL was aware of the federal and state wage and hour laws.

42.    Upon information and belief, PPL knowingly disregarded the federal and state wage and hour laws.

43.    PPL's failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights.

44.    Plaintiffs have been and continue to be damaged by such failures in an amount to be determined at trial, including without limitation, unpaid wages, liquidated damages, interest, and attorneys' fees and costs.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 ET SEQ.
## <u>FAILURE TO COMPENSATE FOR OVERTIME</u>

45. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

46. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

47. PPL is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or engaged in the production of goods for commerce.

48. At all times relevant to this Complaint, PPL had two (2) or more employees who handled goods or materials that have moved in interstate commerce, including Plaintiffs.

49. Upon information and belief, the gross annual volume of sales made or business done by PPL in each applicable year was not less than $500,000.00.

50. PPL is subject to the overtime pay requirements of the FLSA because Plaintiffs were individually engaged in interstate commerce.

51. At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

52. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

53. By the above-alleged conduct, PPL has violated the FLSA by failing to pay

Plaintiffs overtime compensation as required by the FLSA.

54.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

55.    However, none of the Section 13 exemptions apply to Plaintiffs because they did not meet the requirements for coverage under the exemptions during their employment.

56.    PPL acted willfully and either knew that its conduct violated the FLSA or showed a reckless disregard for whether their conduct violated the FLSA.

57.    PPL did not act in good faith with respect to the conduct alleged herein.

58.    As a result of PPL's violations of the FLSA, Plaintiffs incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW**
**FAILURE TO PAY OVERTIME**

59.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

60.    Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiffs were entitled to overtime wages of one-and-one-half (1.5) times their regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

61.    As alleged herein, Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendant.

62.    However, Defendant knowingly failed to pay Plaintiffs overtime wages of one-and-one-half (1.5) times their regular rate of pay for each hour worked in excess of forty (40) per week.

63.    As a result of Defendant's violations, Plaintiffs incurred harm and loss in an amount

to be determined at trial, along with liquidated damages, interest, attorneys' fees, and costs of litigation.

<strong>COUNT III<br>VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW<br><u>FAILURE TO TIMELY PAY WAGES</u></strong>

64.　Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

65.　At all relevant times, Defendant failed to pay Plaintiffs the full amount of wages due to them at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

66.　Defendant failed to pay Plaintiffs all wages due to them not later than the regular payday for the pay period in which their employment concluded, in violation of N.J.S.A. 34:11-4.3.

67.　As a result of Defendant's violations, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, attorneys' fees, and costs of litigation.

<strong><u>PRAYER FOR RELIEF</u></strong>

WHEREFORE, Plaintiffs, by and through their attorneys, The NHG Law Group, P.C., demands judgment against Defendant and in favor of Plaintiffs for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.　Declare and find that Defendant committed one or more of the following acts:

    1.　Willfully violated provisions of the FLSA by failing to pay Plaintiffs overtime compensation;

    2.　Willfully violated the provisions of the NJWHL and the NJWPL by failing to pay Plaintiffs overtime compensation;

8

B.    Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C.    Award liquidated damages under the NJWHL and the NJWPL or, in the alternative, the FLSA;

D.    Award interest on all unpaid wages due accruing from the date such amounts were due;

E.    Award all costs and attorneys' fees incurred in prosecuting this action;

F.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
        May 8, 2026

The NHG Law Group, P.C.

By: Keith E. Williams, Esq.
*Attorneys for the Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com

9