**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| EUGENIA HERNANDEZ and KATHLEEN ROMERO,<br><br>              Plaintiff,<br><br>v.<br><br>PUBLIC PARTNERSHIPS, LLC,<br><br>              Defendant. | Civil Action No. 2:26-cv-05215<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>***Electronically Filed*** |

Defendant Public Partnerships, LLC ("Defendant" or "PPL"), by and through its attorneys, Littler Mendelson, P.C., hereby answers Plaintiff Eugenia Hernandez and Kathleen Romero's ("Plaintiffs") Complaint as follows:

## AS TO THE NATURE OF THE ACTION

1.      Defendant admits only that Plaintiffs have filed this lawsuit seeking to recover alleged unpaid overtime compensation. Defendant denies that Plaintiffs are entitled to any relief whatsoever. Defendant denies the remaining allegations in this paragraph.

2.      Defendant admits only that Plaintiffs are former employees of Defendant and that they have commenced this action seeking to recover alleged unpaid overtime compensation. Defendant denies that Plaintiffs are entitled to any such relief or any other relief.

## AS TO JURISDICTION AND VENUE

3.      This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiffs purport to bring claims under the statutes identified therein and denies all remaining allegations.

4.      This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiffs purport to bring claims under the statutes identified therein and denies all remaining allegations.

5.      This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiffs purport to bring claims under the statutes identified therein and denies all remaining allegations.

6.      Defendant admits that venue may be proper in this District pursuant to 28 U.S.C. § 1391(b)(2) to the extent that a substantial part of the events or omissions giving rise to Plaintiffs' claims allegedly occurred in this District. Defendant denies all remaining allegations.

### AS TO THE PARTIES

7.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff Hernandez's current residence and therefore denies the same.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff Romeo's current residence and therefore denies the same.

9.      Defendant admits that it is a limited liability company organized under the laws of the State of Delaware and authorized to do business in New Jersey.

### AS TO FACTUAL ALLEGATIONS

**Public Partnerships LLC**

10.     Defendant admits that its principal place of business is located at 17 Plaza Drive, Latham, New York 12110.

11.     Defendant admits that it conducts business in New Jersey. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations in Paragraph 13 of the Complaint.

14.     Defendant admits the allegations in Paragraph 14 of the Complaint.

15.     Defendant admits that it employed Plaintiffs. Defendant denies the remaining allegations to the extent they assert that Defendant exercised control, oversight, or direction in a

manner inconsistent with Plaintiffs' properly classified status or otherwise violated applicable law.

16.     Defendant admits the allegations in Paragraph 16 of the Complaint.

17.     Defendant admits the allegations in Paragraph 17 of the Complaint.

18.     Defendant admits the allegations in Paragraph 18 of the Complaint.

19.     Defendant admits the allegations in Paragraph 19 of the Complaint.

20.     Defendant admits the allegations in Paragraph 20 of the Complaint.

21.     Defendant admits the allegations in Paragraph 21 of the Complaint.

22.     Defendant admits the allegations in Paragraph 22 of the Complaint.

23.     Defendant admits that Plaintiffs maintained work schedules. Defendant denies the remaining allegations, including any implication that such schedules give rise to liability or entitlement to overtime compensation.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits only that it employed Plaintiffs, and that Plaintiffs purport to bring claims under the statutes identified therein and denies all remaining allegations.

**Plaintiffs Eugenia Hernandez and Kathleen Romeo**

26.     Defendant admits the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant admits the allegations in Paragraph 28 of the Complaint.

29.     Defendant admits the allegations in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant admits the allegations in Paragraph 31 of the Complaint.

3

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff Hernandez's personal recollection and therefore denies the allegations in Paragraph 33 of the Complaint.

34. Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff Hernandez's personal recollection and therefore denies the allegations in Paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff Hernandez's personal recollection and therefore denies the allegations in Paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff Romeo's personal recollection and therefore denies the allegations in Paragraph 36 of the Complaint.

37. Defendant admits the allegations contained in Paragraph 37 of the Complaint.

38. Defendant admits only that Plaintiffs were compensated on a salaried basis and denies that Plaintiffs were entitled to additional compensation as alleged in Paragraph 38 of the Complaint.

39. Defendant admits only that Plaintiffs were compensated on a salaried basis and denies that Plaintiffs were entitled to additional compensation as alleged in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant admits the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

4

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

**AS TO COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 ET SEQ.**
**FAILURE TO COMPENSATE FOR OVERTIME**

45.     Defendant repeats and reasserts its responses to the previous Paragraphs as if fully set forth herein.

46.     This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph and denies any implication that Plaintiffs are entitled to relief.

47.     This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph and denies any implication that Plaintiffs are entitled to relief.

48.     This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph and denies any implication that Plaintiffs are entitled to relief.

49.     Defendant admits the allegations in Paragraph 49 of the Complaint.

50.     This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph and denies any implication that Plaintiffs are entitled to relief.

51.     This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph and denies any implication that Plaintiffs are entitled to relief.

52.     This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph and denies any implication that Plaintiffs are entitled to relief.

53.   Defendant denies the allegations in Paragraph 53 of the Complaint.

54.   This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph and denies any implication that Plaintiffs are entitled to relief.

55.   Defendant denies the allegations in Paragraph 55 of the Complaint.

56.   Defendant denies the allegations in Paragraph 56 of the Complaint.

57.   Defendant denies the allegations in Paragraph 57 of the Complaint.

58.   This paragraph sets forth allegations regarding damages to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies that Plaintiffs are entitled to any relief.

**AS TO COUNT II**
**VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW**
**FAILURE TO PAY OVERTIME**

59.   Defendant repeats and reasserts its responses to the previous Paragraphs as if fully set forth herein.

60.   Defendant denies the allegations in Paragraph 60 of the Complaint.

61.   Defendant denies the allegations in Paragraph 61 of the Complaint.

62.   Defendant denies the allegations in Paragraph 62 of the Complaint.

63.   This paragraph sets forth allegations regarding damages to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies that Plaintiffs are entitled to any relief.

**AS TO COUNT III**
**VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW**
**FAILURE TO TIMELY PAY WAGES**

64.   Defendant repeats and reasserts its responses to the previous Paragraphs as if fully set forth herein.

6

65.    Defendant denies the allegations in Paragraph 65 of the Complaint.

66.    Defendant denies the allegations in Paragraph 66 of the Complaint.

67.    This paragraph sets forth allegations regarding damages to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies that Plaintiffs are entitled to any relief.

To the extent that the **WHEREFORE** clause contains any allegations that require a response, Defendant denies them. Further, Defendant specifically denies that Plaintiffs are entitled to judgment, denies that Plaintiffs are entitled to any damages or other relief whatsoever, and denies Plaintiffs have any factual or legal basis to seek such relief.

## AS TO PRAYER FOR RELIEF

Defendant denies Plaintiffs are entitled to any of the relief requested in the Wherefore paragraph of the Complaint and all subparagraphs thereof, and that Plaintiffs have any factual or legal basis to seek such relief.  To the extent the request for relief contains any factual allegations requiring a response, Defendant denies them.

## DEFENSES

Defendant asserts the following defenses, without assuming any burden of proof it does not have as a matter of law:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails to state a claim on which an award of attorneys' fees and expenses may be granted.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

7

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were properly classified as exempt employees under 29 U.S.C. § 213(a)(1), the regulations promulgated thereunder, and corresponding provisions of New Jersey law. Accordingly, Plaintiffs satisfied the requirements of one or more exemptions from overtime compensation, and were not entitled to overtime compensation and are not entitled to any relief sought in the Complaint.

**FIFTH DEFENSE**

Plaintiffs' claims fail because Defendant complied in good faith with the Fair Labor Standards Act, the New Jersey Wage and Hour Law, and the New Jersey Wage Payment Law.

**SIXTH DEFENSE**

Defendant acted at all times in good faith and with reasonable grounds for believing that its acts and omissions complied with applicable law and, therefore, Plaintiffs are not entitled to liquidated or enhanced damages.

**SEVENTH DEFENSE**

Defendant denies that any alleged violation was willful.

**EIGHTH DEFENSE**

Plaintiffs are not entitled to recover any non-compensable time, including under the doctrines of de minimis time and/or the Portal-to-Portal Act.

**NINTH DEFENSE**

If Plaintiffs have suffered any damage or loss, which is denied, their claims are barred, limited, or offset if they failed to mitigate their damages.

**TENTH DEFENSE**

Any recovery by Plaintiffs must be reduced, offset, or barred to the extent of any wages, compensation, or other sums already paid, tendered, waived, compromised, or otherwise received.

## ELEVENTH DEFENSE

Defendant is not liable for any alleged damages because its policies, practices, and procedures were designed and implemented in good faith to ensure compliance with applicable wage and hour laws.

## TWELFTH DEFENSE

Plaintiffs' alleged damages, if any, are speculative and not recoverable.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, laches, unclean hands, consent, and/or after-acquired evidence, including evidence that would have independently justified the actions taken by Defendant.

## FOURTEENTH DEFENSE

Defendant is not liable for any alleged unpaid overtime because Defendant neither knew nor had reason to know that Plaintiffs allegedly performed uncompensated work outside their recorded and reported work hours.

## FIFTEENTH DEFENSE

Plaintiffs are not entitled to the relief sought because Defendant paid Plaintiffs all wages and compensation owed under applicable law.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they have already received full or partial satisfaction for the alleged claims or damages.

## SEVENTEENTH DEFENSE

Defendant did not knowingly, willfully, or intentionally violate any provisions of the FLSA, NJWHL, or NJWPL.

**EIGHTEENTH DEFENSE**

Plaintiffs are not entitled to attorneys' fees, costs, or any form of enhanced damages beyond those expressly authorized by applicable law.

**NINETEENTH DEFENSE**

Defendant reserves the right to assert additional defenses as they become known through discovery or further investigation.

**WHEREFORE,** Defendant requests judgment dismissing the Complaint with prejudice, together with its attorneys' fees and costs of suit.

Dated: June 29, 2026

**LITTLER MENDELSON, P.C.**
*Attorneys for Defendant*

By: */s/ Dimitrios T. Markos*
Dimitrios T. Markos, Bar No. 026062012
Maria Amalia Nieto, Bar No. 348072021
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
dmarkos@littler.com
anieto@littler.com

**DEMAND FOR STATEMENT OF DAMAGES**

Under Local Civil Rule 8.1, Defendant demands a written statement of the amount of damages claimed by Plaintiffs within fourteen (14) days of service of the within Answer.

**CERTIFICATION UNDER L. Civ. R. 11.2**

The undersigned counsel for Defendant certifies that to the best of their knowledge and belief, the above-captioned controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

10

Dated: June 29, 2026

**LITTLER MENDELSON, P.C.**
*Attorneys for Defendant*


By: */s/ Dimitrios T. Markos*
Dimitrios T. Markos, Bar No. 026062012
Maria Amalia Nieto, Bar No. 348072021
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
dmarkos@littler.com
anieto@littler.com

11

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify under penalty of perjury that on this date I caused a true and exact copy of the Defendant's Answer to Plaintiffs' Complaint to be served upon Keith E. Williams, Esq., The NHG Law Group, P.C., 4242 Merrick Road, Massapequa, New York 11758, attorneys for Plaintiff, via the Court's electronic filing system.

Dated: June 29, 2026

**LITTLER MENDELSON, P.C.**
*Attorneys for Defendant*


By: */s/ Dimitrios T. Markos*
Dimitrios T. Markos, Bar No. 026062012
Maria Amalia Nieto, Bar No. 348072021
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
dmarkos@littler.com
anieto@littler.com


4901-0910-2773.1 / 131098.1001

12